IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 25 C 1264 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| DICK'S ASPHALT SERVICE OF KANKAKEE, INC., an Illinois corporation, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Dick's Asphalt Service of Kankakee, Inc. brings this motion to vacate a judgment under Fed. R. Civ. P 60(b)(4). This court entered a default judgment against defendant (Doc. 16) on April 18, 2025. For the reasons below, defendant's motion to vacate the default judgment (Doc. 22) is denied.

Defendant brings its motion under Fed. R. Civ. P 60(b)(4). That rule states that "the court may relieve a party or its legal representative from a final judgment [if] the judgment is void." Defendant correctly states that a default judgment entered without personal jurisdiction is void, and that it is a per se abuse of discretion to deny a motion to vacate such a judgment. be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011). Defendant argues that the default judgment entered against it was void, because the court lacked personal jurisdiction over it at the time default judgment was entered.

Generally, service of process establishes a court's personal jurisdiction over a defendant

1

"who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). As a result, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). Here, the court will look to Illinois law governing service of process to determine whether it had personal jurisdiction over defendant when it entered default judgment.

According to defendant, the court lacks personal jurisdiction over defendant because plaintiffs did not serve defendant properly under Illinois law. Specifically, defendant contends that once a corporation is dissolved, Illinois law requires service to be made upon the Secretary of State. Because plaintiffs failed to serve the Secretary of State, defendant argues, service was not valid, and this court consequently cannot exercise personal jurisdiction over defendant.

Defendant's argument is simply incorrect as a matter of law. Defendant's position rests on its reading of an Illinois statute, 805 ILCS 5/5.25(b), which states: "The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation or of a foreign corporation having authority upon whom any process, notice or demand may be served….[w]hen a domestic corporation has been dissolved, [conditions specified elsewhere in the statute] exist, and a civil action, suit or proceeding is instituted against or affecting the corporation within the five years after the issuance of a certificate of dissolution or the filing of a judgment of dissolution."

According to defendant, this language is mandatory. While the court agrees that the language is mandatory, defendant is mistaken as to what the language mandates. The statute mandates that under certain circumstances, the Secretary of State "shall be irrevocably appointed as **an** agent of a domestic corporation or of a foreign corporation…upon whom any process, notice or demand **may be** served." (Emphasis added). But it does not follow, as defendant

2

seems to assume, that the Secretary of State is the <u>only</u> agent upon whom service <u>must</u> be made.[1]

Additionally, defendant's reading of the statute—that once an Illinois corporation is dissolved the Secretary of State is the only proper recipient of service—is contradicted by the text of a nearby provision in the same statute. That provision states:

> In the event of dissolution of a corporation, either voluntary, administrative, or judicial, the registered agent and the registered office of the corporation on record with the Secretary of State on the date of the issuance of the certificate or judgment of dissolution shall be an agent of the corporation upon whom claims can be served or service of process can be had during the 5-year, post-dissolution period provided in Section 12.80 of this Act, unless such agent resigns or the corporation properly reports a change of registered office or registered agent. 805 ILCS 5/5.05.

This statutory provision makes clear that an Illinois corporation's registered agent remains a proper recipient of service after the dissolution of a corporation, unless such agent resigns or the corporation properly reports a change of registered office or registered agent.

Putting these two provisions together, "[a] dissolved corporation can be served by delivering the process to either the former registered agent of the corporation or the Secretary of State, within five years of its dissolution." Lin v. Zhang, No. 20-CV-03186, 2023 WL 7154085, at *3 (C.D. Ill. Oct. 31, 2023); see also John Isfan Const., Inc. v. Longwood Towers, LLC, 52

---

[1] The court also notes that the statute that defendant relies on requires additional conditions to be met before "[t]he Secretary of State shall be irrevocably appointed as an agent." 805 ILCS 5/5.25(b)(3). These additional conditions are: "(1) [w]henever the corporation shall fail to appoint or maintain a registered agent in this State[; and] (2) [w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State." Other than a passing reference to "diligence" made for the first time in its reply, defendant does not attempt to make a showing that these conditions are met. So even if defendant's reading of the statute were correct (it is not), defendant would have still failed to show that it applies to this case.

3

N.E.3d 510, 518 (Ill. App. 3d 2016) (explaining that "the Business Corporation Act of 1983 explicitly provides that, for five years after a corporation is dissolved, the registered agent remains an agent of the corporation upon whom process can be served").

In compliance with Illinois law, plaintiffs served J. Dennis Marek, defendant's former registered agent, within five years of the corporation's dissolution. In its reply, defendant argues for the first time that the factual record fails to show that service was made properly because the summons return reflects service on "Dennis Marek" at 21058 West Braxton Lane, Plainfield, IL 60544 instead of "J Dennis Marek" at One Dearborn Square, Suite 400, Kankakee, IL 60901, the former office of the dissolved company. This argument is forfeited because it is raised for the first time on reply. Wonsey v. City of Chicago, 940 F.3d 394, 398 (7th Cir. 2019) (explaining that "arguments raised for the first time in a reply brief are waived").

In any event, defendant does not show why this discrepancy, if the court were to consider it, would hold any relevance. Defendant mistakenly believes that this forfeited factual argument is relevant because one of the pre-conditions for the Secretary of State to be "irrevocably appointed as an agent of a domestic corporation" under 805 ILCS 5/5.25(b) is that "the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State." 805 ILCS 5.25(b)(2). But, as explained above, even if the Secretary of State does become a proper recipient of service under 805 ILCS 5/5.25(b), it does not follow that the Secretary of State is the exclusive proper recipient of service.

4

**CONCLUSION**

For the above reasons, defendant's motion to motion to vacate the default judgment (Doc. 22) is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   July 22, 2026**